UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel NMN Hughes,
    Plaintiff

vs                                  Case No.  1:03-cv-174-SSB
                                       (Beckwith, J.; Hogan, M. J.)

USA,
    Defendant

**REPORT AND RECOMMENDATION**

This matter is before the Court on pro se plaintiff Hughes's "Motion for Leave/Mistrial." (Doc. 27).  For the reasons set forth more fully below, this Court recommends that plaintiff's motion be denied.

Plaintiff originally filed this action in the Small Claims Division of Hamilton County, Ohio, Municipal Court on February 20, 2003, seeking reimbursement and damages related to medical treatment at the VA Hospital and "other expenses attributed by Mary Drennan Garcia, holding in her possession stolen court documents instead of returning them to the court system."  Having determined that this action falls within the scope of the Federal Tort Claims Act, Defendant removed the suit to this Court pursuant to 28 U.S.C. § 2679, on March 10, 2003.  The Assistant United States Attorney assigned to this case then certified that Ms. Garcia was acting within

the scope of her official duties at the time of the events underlying this case and the United States was substituted as the proper party defendant. (See Doc. 3, fn.1). On December 10, 2003, this Court issued a Report and Recommendation to the District Court, finding that under the Federal Tort Claims Act, plaintiff had failed to file a claim with the appropriate agency, and that there was neither an agency decision denying the claim, nor proof that the agency had failed to act on the claim within six months. (Doc. 13). Therefore, the undersigned recommended that this action be dismissed without prejudice, so as to permit the refiling of this case in the event the Defendant either denied Plaintiff's claim or failed to resolve it within six months of its proper filing. (Id.). On January 20, 2004, the District Court adopted this Court's Report and Recommendation, noting that neither party had filed objections. (Doc. 16). Consequently, judgment was entered that same date, and the case was dismissed without prejudice. (Doc. 17).

Subsequently, plaintiff filed a motion which the undersigned construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Docs. 18, 21). This Court concluded that while plaintiff could establish excusable neglect for failure to file timely objections to the Court's December 10, 2003 R&R, the Court further determined that plaintiff could not demonstrate a meritorious defense and therefore his Rule 60(b) motion must fail. (Doc. 21). The Court recommended that plaintiff's action be dismissed without prejudice, subject to refiling if he could establish that he had filed a proper administrative appeal pursuant to the FTCA and that the Government had either denied his claim or failed to resolve it within six months of its filing. (Id.). Plaintiff objected to the R&R. (Doc. 22). Upon de novo review and consideration of the plaintiff's objections and defendant's memorandum in support

2

of the R&R (Docs. 22, 23, 24), the District Court adopted this Court's recommendation and dismissed the case without prejudice. (Doc. 25). Judgment was entered in accordance with the District Court's decision and this action was terminated on June 21, 2004. Plaintiff now moves for a mistrial. (Doc. 27).

In support of his motion for mistrial, plaintiff asserts that: (1) his August 30, 2004 "Leave of Court" was returned by the courts; (2) he never received a copy of the Court's final judgment until he contacted the Clerk of Courts on August 26, 2004; (3) he was denied due process because the undersigned "fabricated his own conclusion regarding V.A. eligibility treatment at VMAC's without documented evidence," and that the Court assumed facts not in evidence; (4) "Judge discriminately (sic) closed case without words of appeal" in violation of plaintiff's Fifth Amendment rights and in violation of 42 U.S.C. §§ 1981 & 1982; (5) the FTCA is inapplicable in this case; (6) the FTCA is not an exclusive remedy and he should be permitted to pursue a Fifth Amendment claim; and (7) "mostly inappropriateness, misconduct of the court itself through management and judges spell mistrial."

The decision whether or not to grant a mistrial is within the trial court's sound discretion. *Grossheim v. Freightliner Corp.*, 974 F.2d 745, 752 (6th Cir. 1992). Mistrial is a drastic remedy which the trial court applies only when, in its sound discretion, it determines that such a remedy is manifestly necessary because the ends of public justice would not be served by a continuation of the proceedings. *Johnson v. Karnes*, 198 F.3d 589, 595 (6th Cir. 2000). Declaring a mistrial requires, *a fortiori,* that the Court was actually conducting a trial. In this case, the claims were dismissed on pretrial motion and the case had not gone to trial. Consequently, plaintiff's motion

3

has no legal or factual basis and should be denied.

Plaintiff is once again reminded that this action has been dismissed without prejudice so as to permit the refiling of this case in the event the Defendant either denies Plaintiff's claim or fails to resolve it with six months of its proper filing.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion (Doc. 27) be DENIED.

 s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

J:\LWW\Beckwith Orders or R&Rs.wpd\03-174 Hughes mistrial.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Daniel NMN Hughes,
    Plaintiff

vs                                                Case No. 1:03-cv-174-SSB
                                                       (Beckwith, J.; Hogan, M. J.)

USA,
    Defendant

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 4/18/2005. Any party may object to the Magistrate's findings, recommendations, and report within fifteen (15) days after the filing date of this report and recommendation or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Daniel NMN Hughes<br>407 Vine St.<br>Pmb # 112<br>Cinti, Ohio 45202 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |  |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0134 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:03cv174 doc.#29